## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLIED WORLD INSURANCE COMPANY** : | |
| 30 S. 17th Street, 16th Floor, : | |
| Philadelphia, PA 19103 : | **COMPLAINT** |
| **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | **CIVIL ACTION** |
| **PERDOMO INDUSTRIAL, LLC** : | **CASE NO.:** |
| 11885 Grand Commons Avenue, Unit 416 : | |
| Fairfax, VA 22030 : | |
| and : | |
| : | |
| **ORLANDO PERDOMO, JR.** : | |
| 1575 Anderson Road : | |
| McLean, VA 22102 : | |
| : | |
| : | |
| **Defendants.** : | |

Plaintiff, Allied World Insurance Company ("Allied World"), by and through its

attorneys, DeVlieger Hilser P.C., brings this Complaint against the above-named Defendants

and in support thereof, avers as follows:

## PARTIES

1.      Plaintiff, Allied World, is a corporation organized and existing under the laws

of Commonwealth of Pennsylvania  and maintains a principal place of business at 30 S. 17th

Street, 16th Floor, Philadelphia, PA 19103.

2.      Defendant, Perdomo Industrial, LLC, (hereinafter "Perdomo Industrial"), is a

limited liability company, with an office at 11885 Grand Commons Avenue, Suite 416, Fairfax,

VA 22030.

3.      Defendant, Orlando Perdomo, Jr., is an individual who is a resident of the State

of Virginia and resides at 1575 Anderson Road, McLean, VA 22102.

## JURISDICTION & VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there exists complete diversity of citizenship between Plaintiff, Allied World,  and all Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

5.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in Philadelphia.

## COUNT I
## ALLIED WORLD v. PERDOMO INDUSTRIAL AND ORLANDO PERDOMO, JR.
## INDEMNIFICATION & REIMBURSEMENT

6.     On or about April 3, 2015, Defendants, Perdomo Industrial and Orlando Perdomo, Jr., (hereinafter the "Indemnity Defendants"), executed a certain Agreement of Indemnity (hereinafter referred to as the "Indemnity Agreement") whereby, in consideration of Allied World furnishing bonds on behalf of Perdomo Industrial, the Indemnity Defendants agreed to, inter alia, save harmless and indemnify Allied World for any and all liability, loss, damages, costs, counsel and attorney fees incurred by Allied World by reason or in consequence of having issued any bonds on behalf of Perdomo Industrial.  A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "A."

7.     In consideration of and reliance on the execution of the Indemnity Agreement, Allied World,  issued certain performance and payment bonds on behalf of Perdomo Industrial, as principal, in connection with contracts entered into by and between Perdomo Industrial, and the bond obligees.

8.     Specifically, in consideration of and reliance on the execution of the Indemnity

2

Agreements, Allied World issued Performance Bond No. S001-3259 (hereinafter referred to as the "Bond") in the amount of $2,184,275.00 naming Perdomo Industrial as principal and Hensel Phelps Construction Co. ("Hensel Phelps") as Obligee guaranteeing performance of a certain subcontract entered into by Perdomo Industrial and Hensel Phelps (the "Subcontract") for performance of construction services in connection with a certain construction project located in Washington D.C. known as "Freedom Plaza" (hereinafter the "Project").

9.       On or about December 16, 2016, Hensel Phelps issued a Notice of Default of the Subcontract to Perdomo Industrial.

10.     December 19, 2016 issued a formal Notice of Termination of the Subcontract and by letter dated that same date made demand upon Allied World to perform its obligations under the Performance Bond.

11.     Allied World had initially elected to complete the Project using Perdomo Industrial as a completion contractor and the parties began making preparations to remobilize when Hensel Phelps hindered Allied World's investigation and purported to impose requirements for the completion effort which would drastically increase performance.

12.     As a result of Hensel Phelps obstruction of Allied World's investigation and completion efforts, on January 27, 2017, Allied World rescinded its election to perform and denied Hensel Phelp's claim under the Performance Bond.

13.     In addition to the claim of Hensel Phelps on the Performance Bond, Allied World received numerous claims against the Payment Bond in the amount of $269,737.00.

14.     On February 27, 2017, in accordance with the Subcontract, Hensel Phelps commenced proceedings before the American Arbitration Association (hereinafter "AAA

Proceedings") against Perdomo Industrial and Allied World seeking unspecified damages believed to exceed the $2,184,275.00 penal sum of the Bond.

15.     Allied World has incurred, expenses, and attorneys' fees and set reserves in connection with the claims, demands and allegations of liability from the obligee and claimants in connection with the Project all as a consequence of having issued the Bonds.

16.     Pursuant to the terms of the Indemnity Agreement, Allied World is entitled to indemnification and reimbursement from the Indemnity Defendants in regard to all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature which arise by reason of, or in consequence of having issued the Bonds.

17.     The Indemnity Agreements provide that Allied World, the surety, has the right to demand sufficient security or collateral in the event a claim is made against the surety or an action is commenced against the surety.

18.     Due to the exposure of the Hensel Phelps performance claim and the payment bond claims received, on January 30, 2017, Allied World made demand upon the Indemnity Defendants to post collateral in the amount of $2,750,000.00 in accordance with the terms of the Indemnity Agreement.   Said collateral was required to be posted with Allied World representative, James A. Keating, in Philadelphia, PA.

19.     On or about February 13, 2017, Indemnity Defendants traveled to Philadelphia to meet with representatives of Allied World to address the claims submitted to Allied World and discuss the Indemnity Defendants financial situation and satisfaction of their obligations under the Indemnity Agreement.

20.     Throughout the course of Allied World's investigation the Indemnity

4

Defendants regularly communicated with Allied World's representatives in Philadelphia and forwarded documents and other information to Allied World's representatives and attorneys in Philadelphia.

21.     Despite repeated demands from Allied World, the Indemnity Defendants have failed and refused to cooperate or otherwise perform their obligations pursuant to the Indemnity Agreement to indemnify and hold harmless Allied World in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and expenses in connection with the Bonds and/or post the collateral in Philadelphia as required by the Indemnity Agreement.

**WHEREFORE**, Plaintiff, Allied World Insurance Company, demands judgment against Defendants, Perdomo Industrial, LLC and Orlando Perdomo, Jr., individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Bonds, and for such further relief as the Court deems just and proper.

**COUNT II**
**ALLIED WORLD v. PERDOMO INDUSTRIAL, LLC**
**COMMON LAW IDENTIFICATION**

22.     Allied World incorporates by reference the allegations in paragraphs 1 through 19 as though the same were set forth at length hereinafter.

23.     Allied World, as surety, is entitled to common law indemnification from Perdomo Industrial, as principal, in regard to all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature which arise by reason of, or in

consequence of having issued the Bond.

24.    Accordingly, upon demand from Allied World, Perdomo Industrial is required to indemnify and reimburse Allied World for all claims, demands, damages, losses and costs incurred by reason or in consequence of having issued the Bond.

25.    Despite demand, Perdomo Industrial, has failed and refused to perform their obligations to indemnify and reimburse Allied World in connection with the demands, liabilities, losses, costs, damages, attorneys' fees and expenses incurred by reason or in consequence of having issued the Bond.

**WHEREFORE**, Plaintiff, Allied World Insurance Company, demands judgment against Defendants, Perdomo Industrial, LLC and Orlando Perdomo, Jr., individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Bond, and for such further relief as the Court deems just and proper.

## COUNT III
## ALLIED WORLD v. PERDOMO INDUSTRIAL, LLC AND
## ORLANDO PERDOMO, JR. SPECIFIC PERFORMANCE

26.    Allied World incorporates by reference the allegations in paragraphs 1 through 25 as though the same were set forth at length hereinafter.

27.    As referenced above pursuant to the Indemnity Agreements, the Indemnity Defendants, as Indemnitors, agreed to, <u>inter alia,</u> post security in the event that claims or demands were made against Allied World by reason of the issuance of the Bond and to deposit

with Allied World, upon demand made therefor by Allied World, cash or collateral security satisfactory to it in an amount sufficient to exonerate it up to the full amount demanded.

28.     Despite demand, the Indemnity Defendants have failed and refused to perform their obligations pursuant to the Indemnity Agreement to post cash or collateral security.

29.     Accordingly, Allied World requests this Honorable Court enter a decree of specific performance directing the Indemnity Defendants, to perform in accordance with the Indemnity Agreement and post collateral in the amount of $2,750,000.00.

**WHEREFORE**, Allied World Insurance Company, demands judgment against Defendants, Perdomo Industrial, LLC and Orlando Perdomo, Jr., individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Bond, and respectfully request the Court enter a decree of specific performance directing Allied World Insurance Company, demands judgment against Defendants, Perdomo Industrial, LLC and Orlando Perdomo, Jr., and  to post cash or collateral security in the amount of $2,750,000.00 with Allied World Insurance Company.

**COUNT IV**
**ALLIED WORLD v. PERDOMO INDUSTRIAL, LLC**
**AND ORLANDO PERDOMO, JR.**
**EXONERATION**

30.     Allied World incorporates by reference the allegations in paragraphs 1 through 29 as though the same were set forth at length hereinafter.

31.     As set forth above, the Indemnity Agreement provides in pertinent part, that the Indemnity Defendants agreed to indemnify and hold Allied World harmless from and against any and all liabilities.

32.     Allied World has received and continues to receive claims and allegations of liability in connection with which, pursuant to the Indemnity Agreements, Allied World is entitled to exoneration from the Indemnity Defendants.

**WHEREFORE**, Allied World Insurance Company, demands judgment against Defendants, Perdomo Industrial, LLC and Orlando Perdomo, Jr., individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees, judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Bond, and directing the Indemnity Defendants to exonerate Allied World with respect to any and all demands, claims and allegations of liability arising against Allied World by reason of having issued the Bond.

**COUNT V**
**ALLIED WORLD v. PERDOMO INDUSTRIAL, LLC**
**COMMON LAW EXONERATION**

33.     Allied World incorporates by reference the allegations in paragraphs 1 through 32 as though set forth herein at length.

34.     Allied World, as surety, is entitled to common law exoneration from Perdomo Industrial, as principal, in regard to all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of whatever kind or nature which arise by reason of, or in consequence of

having issued the Bond.

35.    Allied World has received and continues to receive claims and allegations of liability in connection with which, pursuant to the Indemnity Agreements, Allied World is entitled to common law exoneration from Perdomo Industrial, LLC.

**WHEREFORE**, Allied World Insurance Company, demands judgment against Defendants, Perdomo Industrial, LLC, individually, jointly and severally, for all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any nature sustained and continuing to be sustained, including, without limitation, attorneys' fees,  judgments, costs of investigation, court costs and interest and other damages, all of the foregoing are continuing to accrue, as a consequence of having issued the Bonds, and directing Perdomo Industrial to exonerate Allied World with respect to any and all demands, claims and allegations of liability arising against Allied World by reason of having issued the Bond.

**DEVLIEGER HILSER, P.C.**

**DATED:**  July 6, 2017

_____
**PAUL T. DeVLIEGER, ESQUIRE**
DeVlieger Hilser, P.C.
1518 Walnut Street, 16th Floor
Philadelphia, PA 19102
T: (215) 735-9181
F: (215) 735-9186
E: pdvlieger@dvhlaw.com